UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LHF PRODUCTIONS, INC., ) | CASE NO. C16-1017RSM |
| ) | |
| Plaintiff, ) | |
| ) | ORDER DENYING DEFENDANT |
| v. ) | DOE #3'S THIRD MOTION TO QUASH |
| ) | |
| STEPHANIE FARWELL, an individual; ) | |
| LARRY C. LEWIS, an individual; ) | |
| HEATHER NELSON, an individual; ) | |
| JASON FAIRCHILD, an individual; ) | |
| SVETLANA KUKHAR, an individual; ) | |
| PATRICIA ALEXANDER, an individual; ) | |
| DAVID LEIBENSPERGER, an individual; ) | |
| KURT ZIMMERMAN, an individual; and ) | |
| LAUREN PUCCI, an individual, ) | |
| Defendants. ) | |

This matter comes before the Court on Defendants Doe #3's Third Motion to Quash, Dkt. #33. This is a copyright infringement case against several unknown John Doe Defendants that appear to be using "peer to peer" or BitTorrent file "swapping" networks to illegally obtain and distribute the copyrighted motion picture "London Has Fallen." *See* Dkt. #1 at ¶¶ 10-35. Plaintiff has obtained expedited discovery in this matter in order to identify and name the John Doe Defendants so it can complete service of process and proceed with litigation. Dkt. #8.

ORDER DENYING DEFENDANT DOE #3'S THIRD MOTION TO QUASH - 1

On August 19, 2016, Defendant Doe #3 brought a Motion to Quash, which the Court denied. Dkt. #19. On October 5, 2016, Defendant Doe #3 brought a Second Motion to Quash. Dkt. #25. The Court denied that Motion, too. *See* Dkt. #29. In so doing, the Court noted that Doe #3 was "recycling prior briefing verbatim without acknowledging the prior Motion or Order." *Id*. at 2. The Court found that this was done in bad faith. *Id*. at 3. On November 7, 2016, Doe #3 filed this third Motion to Quash. Dkt. #33.

In the instant Motion, Doe #3 argues that Plaintiff has failed to make a *prima facie* showing of personal jurisdiction. Dkt. #33 at 4. Doe #3 argues that joinder of the Defendants in this case is improper. *Id*. at 6.

In response, Plaintiff argues that Doe #3 is recycling prior arguments. Dkt. #36 at 3. Plaintiff argues that its Amended Complaint "clearly alleged an adequate basis for personal jurisdiction." *Id.* (citing Dkt. #26 at ¶¶ 2-4, 10-30). Plaintiff argues that Doe #3's arguments related to personal jurisdiction appear to come from outdated briefing in prior cases. *Id.* at 3-4. Plaintiff again argues that Doe #3's arguments are outdated and not supported by current law in this district. Dkt. #36 at 4 (citing *Dallas Buyers Club, LLC v. Does*, Case No. 14-cv-1336RAJ (Nov. 14, 2014) (Dkt. 16); *Dallas Buyers Club, LLC v. Does*, Case No. 14-cv-1819RAJ (Feb. 13, 2015) (Dkt. 16); *Dallas Buyers Club, LLC v. Does*, Case No. 14-cv-1926RAJ (Feb. 13, 2015) (Dkt. 15); *Cobbler Nevada, LLC v. Does*, Case No. 15-cv-1408TSZ (Nov. 19, 2015) (Dkt. 13); *Cobbler Nevada, LLC v. Does*, Case No. 15-cv- 1435TSZ (Dec. 18, 2015) (Dkt. 21)). Plaintiff requests sanctions against Doe #3 under the Court's inherent authority. *Id.* at 7. Doe #3 has again failed to file a Reply in support of his Motion.

The Court has broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16. *See Avila v. Willits Envtl. Remediation*

ORDER DENYING DEFENDANT DOE #3'S THIRD MOTION TO QUASH - 2

*Trust*, 633 F.3d 828, 833 (9th Cir. 2011). Under Rule 45(d)(3)(A), the Court must quash or modify a subpoena that requires disclosure of privileged or other protected matter or subjects a person to undue burden. The Court may limit the extent of discovery if the discovery sought "can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i).

The Court has already ruled on many of the issues raised in the instant Motion and will not revisit them. *See* Dkts. #19 and #29. To the extent there are issues not previously addressed, the Court finds that there is a *prima facie* showing of personal jurisdiction in this case for the reasons stated by Plaintiff and that joinder of these Defendants is appropriate. Accordingly, Defendant Doe #3's Third Motion to Quash will be denied.

The Court concludes that Doe #3 has again brought a Motion in bad faith. Plaintiff is correct that Doe #3 raises arguments that have already been rejected by the Court. Further, this Motion incorporates briefing from other cases, with facts from those cases that clearly do not apply to this case. *See, e.g.,* Dkt. #33 at 11-12 ("Plaintiff produces explicit hardcore pornographic films…. Defendant faces an inherent risk of embarrassment if its name is associated with the alleged sharing of such a pornographic film"). Doe #3 has already been chastised by the Court for this behavior. *See* Dkt. #29 at 3. It appears that Doe #3 is not deterred by the Court's rulings and intends to continue to file motions to quash *ad nauseam*, hoping to delay this case. The Court will not tolerate such behavior, and warns Doe #3 that a request for monetary sanctions will be granted if he files another motion in bad faith.

Having reviewed the relevant briefing, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that Defendant Doe #3's Third Motions to Quash, Dkt. #33, is DENIED.

ORDER DENYING DEFENDANT DOE #3'S THIRD MOTION TO QUASH - 3

DATED this 28th day of November, 2016.

_____
RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DENYING DEFENDANT DOE #3'S THIRD MOTION TO QUASH - 4